IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY HAYNES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2744-SMY |
| | ) |
| WARDEN WILLS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Gregory Haynes was convicted of first-degree murder in 2014 following a bench trial in Cook County, Illinois and sentenced to 55 years in prison. Haynes is currently serving his sentence at Hill Correctional Center. On November 28, 2022, Haynes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting his state court sentence (Doc. 1). He now moves this Court to stay this case pending resolution of state court proceedings related to his conviction (Doc. 4).

Under *Rhines v. Weber,* 544 U.S. 269, 277 (2005), the Court has discretion to grant a "stay and abeyance" of a habeas petition while the petitioner returns to state court to exhaust unexhausted claims. *Rhines*, 544 U.S. at 277. A stay and abeyance is "available only in limited circumstances" because it "frustrates AEDPA's objective of encouraging finality [and] undermines AEDPA's goal of streamlining federal *habeas* proceedings." *Id.* at 275-77. More specifically, a stay is warranted only when the petitioner can establish "good cause" for his failure to exhaust his claims before seeking federal habeas relief. *Id.*; *see also Purvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011) ("We caution that the 'stay and abeyance' of unripe ... claims should be limited to narrow circumstances where there is good cause for the petitioner's stay request[.]").

In support of his motion, Haynes states that it is "his understanding that this Court does not favor successive wrist of habeas corpus so the Respondent will suffer no harm nor prejudice if this Court grants abeyance until his successive post-conviction is completed in state court." But the Court cannot discern what post-conviction relief Haynes is seeking in state court or any basis to conclude that he has good cause for proceeding directly to federal court instead of pursuing state post-conviction relief. As such, the Court declines to enter a stay under *Rhines*; the petition is **DISMISSED without prejudice**. Petitioner may file a new petition after he exhausts all remaining state court remedies.

**IT IS SO ORDERED.**

**DATED: June 7, 2023**

**STACI M. YANDLE**
**United States District Judge**